**Rachel T. SMITH, Plaintiff–Appellant,**

v.

**Otis R. BOWEN, Secretary of Health and Human Services, Defendant–Appellee.**

No. 86–1626.

United States Court of Appeals, Fourth Circuit.

Argued July 10, 1987.

Decided Nov. 27, 1987.

G. Thompson Miller (Brinkley, Walser, McGirt, Miller, Smith & Coles, Lexington, N.C., on brief), for plaintiff-appellant.

Nancy Bartlett, Rocky Mount, N.C. (Kenneth W. McAllister, U.S. Atty., Benjamin H. White, Jr., Asst. U.S. Atty., Greensboro, N.C., on brief), for defendant-appellee.

Before RUSSELL, WIDENER and HALL, Circuit Judges.

PER CURIAM:

Rachel T. Smith appeals from an order of the district court affirming the Secretary's denial of her claim for disability insurance benefits. This denial was based on the determination by the Administrative Law Judge ("ALJ") that Smith was capable of performing her past relevant work. The district court initially remanded this case with instructions for the ALJ to explain certain previous findings. On remand, the ALJ found that, although there existed a possibility of heavier lifting, Smith's previous job as an assembler/packager was, nonetheless, at the light exertional level. Concluding that Smith's past job was not beyond her residual functional capacity, the ALJ again denied benefits. The district court found that the Secretary's ultimate decision was in substantial compliance with its remand instructions. We disagree and conclude that the ALJ's findings on remand

were significantly deficient. We, therefore, reverse the judgment of the district court and remand the case to the Secretary for further consideration and findings consistent with this opinion.

## I.

Smith was fifty-nine years old at the time of the Secretary's decision and has a sixth-grade education. Her previous work experience includes assembling/packaging Army canisters, operating a rip saw and working as an off-bearer in the furniture industry.

In her application for social security disability benefits, Smith alleged that she was disabled due to a heart condition, diabetes, deafness in her left ear, blindness in her right eye and high blood pressure. She also claimed to have other medical problems, including weakness, loss of appetite, aching, and shortness of breath on slight exertion. Smith has been hospitalized twice for her heart condition.

At the initial administrative hearing, the ALJ found that the plaintiff suffers from a severe heart impairment. He concluded that this impairment, combined with several others, limits her residual functional capacity to "light" exertional level work, with the further restriction that she not perform any job requiring exposure to hazardous machinery or heights, or requiring her to engage in fine manipulation that might require binocular vision. The ALJ further found, after considering a vocational expert's testimony, that plaintiff's past relevant work as a packager/assembler was light work and concluded that she was not disabled. Smith challenged the Secretary's initial decision in an action brought in district court pursuant to 42 U.S.C. § 405(g). She argued that her testimony before the ALJ established that her job as an assembler/packager involved occasional lifting of 25–30 pounds which demanded that the job be classified as medium, rather than light, and, consequently, beyond her exertional ability to perform.

Upon consideration of this claim, the district court held that it was error for the Secretary to find that the plaintiff's past

relevant work was light work, unless the ALJ could specifically state his reasons for discounting plaintiff's testimony as to the greater lifting requirements. The court remanded the case with instructions for the Secretary either to explain the treatment given plaintiff's testimony, or to find Smith unable to perform her past relevant work and to continue in the sequential analysis to determine her eligibility for disability benefits.

On remand, the ALJ explained that he had not rejected plaintiff's testimony that she occasionally lifted 25–30 pounds while performing her job. Instead, the ALJ reasoned that the occasional heavier lifting was voluntary rather than a required part of her job function. The ALJ therefore adhered to his earlier conclusion that Smith could return to her past relevant work. The district court, hearing the case the second time, found that the actions of the Secretary on remand were in "substantial compliance" with its remand instructions and affirmed the denial of benefits. From this decision, Smith appeals.

## II.

■ On appeal, Smith contends that the district court erred in affirming the Secretary's most recent decision that she can perform her past relevant work and, hence, she is not disabled. Because we agree that the ALJ failed to properly follow the district court's instructions, we conclude that a further remand is necessary in order to properly evaluate Smith's claim.

Upon hearing this case initially, the district court held that the ALJ had failed to specifically state his reasons for rejecting or discounting Smith's testimony that she sometimes lifted the heavier cartons while helping her fellow employees. At the second administrative hearing, the ALJ, while finding Smith's testimony credible, concluded that her statements indicated that the heavier lifting was "essentially a voluntary act on her part." Specifically, the ALJ relied on the statement of Smith that "if we got caught up sometimes we helped somebody else that (sic) to do lifting...."

We conclude that the ALJ's finding is not supported by substantial evidence. Nothing in claimant's testimony suggests or implies that the extra lifting was optional. Rather, her uncontradicted testimony, taken as a whole, leads to the inescapable conclusion that the extra lifting was an integral part of her job function. Accordingly, it was error for the ALJ to classify Smith's job of assembler/packager as light work.

In basing his decision that Smith could do her past relevant work, the ALJ also relied on the testimony of a vocational expert, Dr. Thomas White. Dr. White testified, in effect, that, considering claimant's further limitations, if claimant could perform light work, she could perform her past job as an assembler/packager. It was, however, improper for the ALJ to rely on the vocational expert's testimony in determining that Smith could return to her past job. A vocational expert enters the sequential analysis for determining disability *after* a claimant is found unable to do her past relevant work. 20 C.F.R. § 404.1566(e). (Emphasis added).

We, therefore, hold that the claimant has demonstrated that she is unable to do her past relevant work, and remand this case to permit an administrative reevaluation of Smith's claim. On remand to the ALJ, Smith may submit any additional evidence she deems appropriate to rebut the Secretary's assertion that the claimant has sufficient residual functional capacity to engage in an alternate job existing in the national economy.

### III.

For the foregoing reasons, the judgment of the district court is reversed and remanded, with instructions to remand to the Secretary for proceedings consistent with this opinion.

REVERSED AND REMANDED.