936 F.2d 568
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Thomas F. WRIGHT, Plaintiff-Appellant,
v.
Louis W. SULLIVAN, Secretary of Health and Human Services,
Defendant-Appellee.
 No. 90-3511.
 United States Court of Appeals, Fourth Circuit.
 Submitted May 9, 1991.
Decided June 28, 1991.
As Amended July 17, 1991.
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. Dennis Raymond Knapp, Senior District Judge. (CA-89-562-2)
 Roger Daniel Forman, Forman, Kanner & Crane, Charleston, W.Va., for appellant.
 Eileen Bradley, William B. Reeser, Stephen M. Walker, United States Department of Health & Human Services, Philadelphia, Pa., Michael W. Carey, United States Attorney, Kurt E. Entsminger, Assistant United States Attorney, Charleston, W.Va., for appellee.
 S.D.W.Va.
 AFFIRMED.
 Before MURNAGHAN, SPROUSE and NIEMEYER, Circuit Judges.
 PER CURIAM:
 
 
 1
 Thomas Wright appeals from an order of the district court adopting a magistrate judge's recommendation to affirm the Secretary's decision to deny Wright's claim for disability insurance benefits. Wright filed his claim in March 1988 alleging that he had been disabled since October 1987 from the residual effects of an auto accident which occurred in August 1985. The ALJ determined that although Wright's musculoskeletal and psychological problems prevented him from performing his most recent job as a supervisor for delivery drivers in route sales, as he performed it, they did not prevent him from performing that job as it is performed in the national economy, or a variety of other jobs requiring only "light" work, as that term is defined in 20 C.F.R. Sec. 404.1567(b). We affirm the decision of the district court.
 
 
 2
 Initially, we reject Wright's contention that the ALJ erred by relying on vocational expert testimony to find that Wright was capable of performing his former job as it is performed in the national economy. Wright relies on our opinion in Smith v. Bowen, 837 F.2d 635 (4th Cir.1987), where we found it improper for an ALJ to rely on a vocational expert's testimony to find that Smith could return to her past specific job.
 
 
 3
 We find Smith to be inapposite to the present situation. In this case, the ALJ relied on vocational expert testimony to find that despite his impairments, Wright possessed the functional capacity to perform work other than the work which he previously performed. The ALJ explicitly determined that Wright could not perform his past specific job because it required medium work, and Wright's restrictions limited him to light work. The ALJ relied on the vocational expert to identify jobs available in the national economy which Wright could perform in view of his light work restriction. Wright's former occupation, as it was performed in the national economy, was one of the jobs identified by the expert. Reliance on the vocational expert in this instance was proper, because the expert's testimony was used to assist the ALJ in determining whether work other than the work he previously performed and which fit his current work restrictions was available in the national economy. See Walker v. Bowen, 889 F.2d 47, 50 (4th Cir.1989). See also 20 C.F.R. Sec. 404.1566(e).
 
 
 4
 We also reject Wright's contention that the ALJ posed an improper hypothetical to the vocational expert. The ALJ's hypothetical included all impairments which the medical evidence of record established resulted in a functional impairment. Wright produced no evidence of any functional impairment resulting from his alleged breathing and hearing problems. Further, the ALJ could properly rely on Dr. Hills' finding that Wright's musculoskeletal impairments translated into a permanent partial disability of only 13%, since he was the only orthopedic specialist to examine Wright, and since his report was supported by various objective studies, such as CT scans, X-rays, and nerve conduction studies, which uniformly revealed no or only slight abnormalities. Finally, the ALJ's reference in his hypothetical to Wright's "moderate" mental limitations gave proper credit to the severity of Wright's psychological problems. Reports submitted by Dr. Massenburg, the only psychiatrist to examine Wright, stated that Wright's dysthymic disorder only slightly and seldomly affected his daily activities, social functioning, and ability to timely complete tasks in work settings or elsewhere.
 
 
 5
 We also conclude that the ALJ properly incorporated Wright's pain into his disability analysis. The ALJ found that the combination of Wright's pain, physical, and psychological impairments precluded him from performing his past specific job, but that these impairments were not so limiting as to preclude Wright from performing light work.
 
 
 6
 Substantial evidence supports this conclusion. The medical reports of Doctors Klinestiver and Hills, which assessed Wright's orthopedic disability level at 10 and 13 percent, respectively, considered Wright's subjective complaints of pain. Moreover, Wright's own testimony, which stated that he regularly hunted deer and squirrel, and reloaded shells, supported the ALJ's conclusion that Wright retained the residual functional capacity to grip, grasp, lift, and carry light weights.
 
 
 7
 Accordingly, the order of the district court is affirmed. We dispense with oral argument because the facts and contentions are adequately presented and argument would not aid the decisional process.
 
 
 8
 AFFIRMED.