69 F.3d 533
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Betty S. JOSSELYN, Plaintiff-Appellant,
v.
Shirley S. CHATER, Commissioner of Social Security,
Defendant-Appellee.
 No. 94-2227.
 United States Court of Appeals, Fourth Circuit.
 Argued: September 28, 1995.
Decided: October 26, 1995.
 
 Appeal from the United States District Court for the District of South Carolina, at Greenville. Matthew J. Perry, Jr., District Judge. (CA-92-1890-6-18-BC)
 ARGUED: George Howard Thomason, Thomason & French, Spartanburg, SC, for Appellant. Cheryl Lynn NikonovichKahn, Assistant Regional Counsel, Office of General Counsel, Department of Health and Human Services, Atlanta, GA, for Appellee. ON BRIEF: Frank W. Hunger, Assistant Attorney General, J. Preston Strom, Jr., United States Attorney, Bruce R. Granger, Chief Counsel, Region IV, Mack A. Davis, Deputy Chief Counsel for Social Security Litigation and Programs, Mary Ann Sloan, Principal Regional Counsel, Social Security Disability Litigation, Ronald L. Paxton, Assistant Regional Counsel, Office of General Counsel, Department of Health and Human Services, Atlanta, GA, for Appellee.
 Before POWELL, Associate Justice (Retired), United States Supreme Court, sitting by designation, and MURNAGHAN and MICHAEL, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Betty S. Josselyn appeals from a decision of the district court affirming the denial of Social Security disability insurance benefits. We affirm.
 
 
 2
 * In November 1989, Josselyn alleges she began experiencing discomfort and a variety of medical disorders. She was then working as a loan officer for a credit union; she had previously been a secretary. From that date until the present, Josselyn has not engaged in substantial gainful activity.
 
 
 3
 Over the following two-three years, Josselyn visited a number of physicians and specialists who attempted to diagnose her condition. While she consistently offered "subjective" complaints of discomfort, none of her physicians was able to determine precisely what ailed her. All physical tests turned up negative. Several physicians recommended that Josselyn seek psychiatric treatment.
 
 
 4
 Josselyn filed an application for disability benefits on November 27, 1990. The Administrative Law Judge (ALJ) held a hearing on June 27, 1991. The ALJ concluded that Josselyn was able to perform work, such as secretarial work, so long as it did not involve strenuous exertion. The ALJ therefore denied benefits. The Appeals Council denied Josselyn's request for review, and the district court affirmed.
 
 
 5
 This court reviews the findings of the ALJ for substantial evidence, rather than the findings of the district court. Graham v. Bowen, 790 F.2d 1572, 1575 (11th Cir.1986).
 
 II
 
 6
 Josselyn argues that the ALJ erred by discounting the views of her immunologist, Dr. John Winfield, who concluded that she had "cognitive deficits" that would prevent her from working an eight-hour per day job. One month before he announced that view, however, Dr. Winfield stated on an evaluation form: "[Josselyn] and her husband wish to continue pursuing disability for her. I will try to be supportive in this, but there is little objective data to back up any disability claim." Exh. 21(2) (emphasis supplied). There was no evidence of intervening visits that would justify a major change in evaluation. The ALJ properly concluded that the earlier evaluation undermined the credibility of the later one.
 
 
 7
 Josselyn also calls attention to a statement by her former employer that she lacked stamina and would be unable to perform that job. The ALJ properly found that this evidence was outweighed by the bulk of the record. All medical and diagnostic tests turned out negative. Josselyn showed no difficulty walking, standing, or performing fine or gross manipulative movements. Dr. Winfield, on whose diagnoses Josselyn so heavily relies, himself noted that Josselyn was "plan[ning] to go in with her daughter in starting a travel service business." Exh. 21(2). Josselyn also admitted that she was able to perform basic household tasks. This court has recognized that a claimant's daily activities may support a determination that she is not disabled. Mickles v. Shalala, 29 F.3d 918, 921 (4th Cir.1994) (claimant performed a wide range of housework); Gross v. Heckler, 785 F.2d 1163, 1166 (4th Cir.1986) (other activities).
 
 
 8
 Finally, Josselyn contends that the district court erred in holding that the opinion of a vocational expert, Dr. Benson Hecker, should not be considered to determine the existence of a disability. Josselyn is incorrect. Under Smith v. Bowen, 837 F.2d 635 (4th Cir.1987), a vocational expert's opinion enters the disability analysis only after a claimant is found unable to perform her "past relevant work." See id. at 637 (citing 20 C.F.R. Sec. 404.1566(e)); see also A.R. 90-3(4) (S.S.A. July 16, 1990) (acquiescing in Smith ). Since the ALJ found that Josselyn was able to work as a secretary, the vocational expert's opinion should not have been considered.
 
 
 9
 In any event, the ALJ did consider Dr. Hecker's testimony, but it did not help Josselyn. The ALJ found that testimony not credible because Dr. Hecker made only selective use of the physicians' reports on which he relied, disregarding any evidence or conclusions that opposed his own view. Thus, Jossely had no ground to complain that the testimony was ignored.
 
 III
 
 10
 For the reasons stated, the judgment of the district court is
 
 
 11
 AFFIRMED.