**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

JAMES I. NELSON,
Plaintiff-Appellant,

v.

No. 98-1234

KENNETH S. APFEL, COMMISSIONER OF
SOCIAL SECURITY,
Defendant-Appellee.

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Charles B. Day, Magistrate Judge.
(CA-96-3981-PJM)

Submitted: June 23, 1998

Decided: August 3, 1998

Before WIDENER, HAMILTON, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Stephen F. Shea, WILLONER, CALABRESE & ROSEN, P.A., Col-
lege Park, Maryland, for Appellant. James A. Winn, Chief Counsel,
Region III, Patricia M. Smith, Deputy Chief Counsel, Joyce M.J. Gor-
don, Assistant Regional Counsel, Office of the General Counsel,
SOCIAL SECURITY ADMINISTRATION, Philadelphia, Pennsylva-
nia; Lynne A. Battaglia, United States Attorney, Allen F. Loucks,
Assistant United States Attorney, Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

James I. Nelson appeals the order of a magistrate judge granting summary judgment to the Appellee, denying Nelson's motion for summary judgment, and affirming the Commissioner's decision denying his application for disability insurance benefits.* Nelson, a former sales representative, raises several issues regarding the administrative law judge's ("ALJ") decision. Finding no reversible error, we affirm.

In December 1992, Nelson was diagnosed with a detached retina in his right eye which caused redness and irritation. He was prescribed medication for the inflammation and pain. In July 1993, Nelson was diagnosed with a blind and painful right eye. It was recommended that he continue using the prescribed medications which had provided some relief for the pain. In July 1994, an examination of Nelson's left eye by Dr. Miller disclosed that he had uncorrected vision of 20/30 for distance and 20/1200 for reading. With contact lenses and glasses his vision for reading improved to 20/60. The condition in his right eye was diagnosed as stable so long as he continued the medication.

Meanwhile, Nelson was also being treated for discomfort in his left hand due to a knife cut occurring in 1990. Nelson reported pain and numbness in the hand. In January 1994, an orthopaedic physician conducting a consultative exam reported that Nelson had weakness of grip in his left hand and limitation of motion in his left little finger. Other than those limitations, the physician reported Nelson had normal range of motion throughout the rest of his body.

Nelson also complained of periodic lower back and neck spasms.

_____

*The parties consented to the jurisdiction of the magistrate judge pursuant to 28 U.S.C. § 636(c)(2) (1994).

The spasms were treated with Nuprin and hot compress. In February 1994, Nelson's treating physician found that Nelson had no physical limitations (with the exception of the right eye blindness) regarding walking, sitting, standing, moving, lifting, carrying, handling objects, hearing, speaking, seeing and traveling and, specifically noted that Nelson's grip strength and finger movements in his left hand were normal.

Nelson last worked in April 1992. He collected unemployment insurance benefits until April 1993. In October 1993, Nelson applied for disability benefits contending that he became unable to work due to his disabling condition in April 1993. His claim was denied initially and upon reconsideration. Upon Nelson's request, a hearing was held in June 1994. Despite having notice of the hearing, Nelson did not attend. However, his attorney was present, and the ALJ determined that Nelson's presence was not necessary. A vocational expert was asked to consider whether there were jobs for someone of Nelson's age and educational background who was blind in one eye and had minor use of the non-dominant hand. The vocational expert opined that light exertional positions were available, such as security worker, laundry worker, and meter reader.

The ALJ found that Nelson had not engaged in substantial gainful activity since the onset date of disability. The ALJ also found that Nelson had a severe visual impairment in his right eye preventing him from performing jobs requiring binocular vision and severe impairment to his left hand. The impairments did not meet or equal any impairment listed in 20 C.F.R. pt. 404, subpt. P, app. 1. After reviewing Nelson's medical history and course of treatment and receiving testimony from a vocational expert, the ALJ concluded that Nelson was not disabled because he was still capable of performing his past relevant work as a sales representative and he had the residual functional capacity to engage in light work. The Appeals Council denied Nelson's request for review.

We review the Secretary's final decision to determine whether it is supported by substantial evidence and whether the correct law was applied. See 42 U.S.C.A. § 405(g) (West Supp. 1998); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Nelson contends that the ALJ's finding that he was able to perform his past relevant work

3

was not supported by substantial evidence. Specifically, Nelson asserts that the ALJ did not consider the impairment to Nelson's left eye as diagnosed by Dr. Miller. There was no medical evidence from Dr. Miller or any other ophthalmologist or optometrist that Nelson could not read with corrected lenses. In fact, Dr. Miller stated that Nelson was not legally blind, that his left eye was"healthy," and that he could safely use his eyes for close vision "with a reading RX over his contact lenses."

Nelson also contends that the vocational expert's failure to identify "sales representative" as one of the jobs Nelson could perform undermines the ALJ's finding that Nelson could perform that job. There was nothing in the vocational expert's testimony which indicated that Nelson could not perform his past job. Furthermore, no one asked the vocational expert whether Nelson could engage in his past relevant work experience. In addition, the ALJ is not permitted to rely on the vocational expert's testimony in determining whether the claimant can return to his past job. See Smith v. Bowen , 837 F.2d 635, 637 (4th Cir. 1987).

Nelson also contends that the ALJ's finding that Nelson could perform light work is not supported by the evidence due to the impairment in his left hand. Light work may require some pushing and pulling of arm or leg controls. See 20 C.F.R. 404.1567(b) (1997). However, there was no evidence that Nelson's past work as a sales representative required such activity. In sum, we conclude that none of Nelson's challenges to the ALJ's finding that he could perform his past work have merit and substantial evidence is present to support the ALJ's finding.

Next, Nelson contends that the ALJ did not properly evaluate Nelson's subjective complaints regarding migraine headaches, back pain, muscle spasms, and pain to his right eye and left hand. In Craig v. Chater, 76 F.3d 585, 596 (4th Cir. 1996), we held that the proper method for evaluating subjective complaints of pain involved the threshold question of whether the claimant "demonstrated by objective medical evidence an impairment capable of causing the degree and type of pain" alleged. Only after the claimant makes this showing is the ALJ permitted to assess the credibility of the claimant's subjective complaints of pain. We recognized in Chater that "the intensity,

4

persistence, or functionally limiting effects" of pain caused by an impairment could render the claimant disabled independent of any physical limitations caused by the impairment. Id. at 592, 594. Disabling pain, we noted, could not always be confirmed with objective medical evidence. Thus, claims of disabling pain could not be rejected solely because there was no objective medical evidence substantiating the claimant's allegations regarding the pain's severity or persistence. Id. at 595.

Nelson argues that the ALJ erred by finding his complaints not credible without first addressing the threshold question of whether there were any impairments capable of causing the complaints. We find the ALJ considered all the impairments Nelson claimed to have and, if relevant, the pain allegedly associated with the impairment. He gave full credibility to any pain associated with Nelson's injured hand. He also reviewed the record concerning the pain caused by the impairment to his right eye and found that it was manageable with medication. The complaint regarding migraine headaches was rejected by the ALJ as an impairment, rather than a subjective complaint of pain. The ALJ correctly found that there was no objective medical evidence of migraine headaches. Thus, the ALJ did in fact address the threshold question in this instance. Furthermore, there was no evidence from Nelson regarding the severity or persistence of pain caused by the migraine headaches. Similarly, the muscle spasms in the lower back were found not to be an impairment because the medical evidence indicated that the spasms were of limited duration. The accompanying allegation of back pain did not include any indication from Nelson of its severity, persistence or limiting effects. For instance, there is no indication that Nelson cannot sit or stand for long periods of time because of back pain. Thus, even if the ALJ had found the spasms to be an impairment which could have caused the pain, there was no evidence of its disabling effects.

Finally, Nelson contends the ALJ improperly found him not credible by not referring specifically to the evidence supporting the conclusion. We find this contention without merit. The ALJ made numerous references to medical records and Nelson's own conduct, including references to Nelson's decision to continue working after injury to his hand and his decision to apply for disability benefits only after his unemployment insurance terminated, and his habits, which include

5

household chores and driving. Thus, the ALJ's finding was not merely conclusory, but rather supported by references to the record.

We therefore affirm the order of the magistrate judge. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

6