Swanick v. SSA                          CV-98-166-SD   11/25/98

UNITED STATES DISTRICT COURT FOR THE

                         DISTRICT OF NEW HAMPSHIRE


Claire Swanick


        v.                              Civil No. 98-166-SD


Kenneth S. Apfel, Commissioner,
 Social Security Administration



                            O R D E R


        Plaintiff Claire Swanick brings this action pursuant to

section 205(g) of the Social Security Act, 42 U.S.C. § 405(g),

seeking review of a final decision of defendant, the Commissioner

of the Social Security Administration, denying her claim for

disability benefits under the Act.  Before the court are

plaintiff's motion for an order reversing the Commissioner's

decision and defendant's motion for an order affirming the

Commissioner's decision.



                            Background

        Pursuant to Local Rule 9.1, the parties have filed a joint

statement of material facts, which the court hereby incorporates.

## Discussion

### 1. Standard of Review

After a final determination by the Commissioner and upon request by a party, the court is empowered "to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g) (1994 & Supp. 1997). The court also may order a remand for the taking of additional evidence, "but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g) (sentence six). The Commissioner's factual findings are conclusive as long as supported by substantial evidence. Id.; Irlanda Ortiz v. Secretary of Health & Human Servs., 955 F.2d 765, 769 (1st Cir. 1991). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)); see also Rodriguez Pagan v. Secretary of Health & Human Servs., 819 F.2d 1, 3 (1st Cir. 1987), cert. denied 484 U.S. 1012 (1988).

2

When making factual findings, the Commissioner must weigh and resolve conflicts in the evidence, settle credibility issues, and draw inferences from the record evidence. See Irlanda Ortiz, supra, 955 F.2d at 769. The court will defer to the credibility determinations made by the Administrative Law Judge (ALJ), particularly where those determinations are supported by specific findings. Frustaglia v. Secretary of Health & Human Servs., 829 F.2d 192, 195 (1st Cir. 1987). Accordingly, the Commissioner's decision to deny benefits will be affirmed unless it is based on a legal or clear factual error. Manso-Pizarro v. Secretary of Health & Human Servs., 76 F.3d 15, 16 (1st Cir. 1996).

## 2. The ALJ's Decision

Applying the five-step decision-making process prescribed by 20 C.F.R. § 404.1520, the ALJ determined, at step four, that Swanick was able to perform her past relevant work as a housekeeper and meat packer.* Plaintiff alleges that the ALJ

---

*The ALJ is required to consider the following five steps when determining if a claimant is disabled: (1) whether the claimant is engaged in substantial gainful activity at the time of the claim; (2) whether the claimant has a severe impairment that has lasted for twelve months or had a severe impairment for a period of twelve months in the past; (3) whether the impairment meets or equals a listed impairment; (4) whether the impairment prevents or prevented the claimant from performing past relevant work; (5) whether the impairment prevents or prevented the claimant from doing any other work. 20 C.F.R. § 404.1520 (1997).

3

made four errors: 1) he should not have found that Swanick could perform her past relevant work as a housekeeper because he failed to make findings regarding the circumstances that trigger her anxiety and its effect on her ability to work; 2) he improperly ignored functional limitations stemming from plaintiff's anxiety disorder; 3) he was required to hear testimony from a vocational expert before determining that Swanick could perform her past relevant work; and 4) he improperly concluded that Swanick's testimony was not fully credible. These allegations can be distilled to two basic complaints--that the ALJ did not properly consider the plaintiff's anxiety disorder and that he improperly failed to use a vocational expert.

### a. Swanick's Psychological Condition

It appears clear from the record that plaintiff suffers from no serious physical ailments. Her major limitation stems from her anxiety disorder and resultant panic attacks, which, of course, does not make her symptoms any less real. Plaintiff argues that the ALJ "never analyzed to any significant degree the plaintiff's anxiety disorder and its affect [sic] upon her ability to function." Plaintiff's Memorandum at 11. The ALJ's decision, however, does address Swanick's anxiety disorder. The Psychiatric Review Technique Form (PRTF) appended to the decision

4

indicates that the ALJ considered her anxiety disorder severe, but not equal to the listed impairments of appendix I. The PRTF indicates that Swanick is slightly restricted in her ability to perform everyday activities and maintain social functioning. The form also shows that she often experiences deficiencies of concentration that interfere with her ability to complete tasks in a timely manner. The ALJ, however, found that these limitations did not prevent Swanick from performing her past relevant work as a housekeeper. The ALJ noted that Swanick was able to interact appropriately with treating physicians and her husband's friends, remember appointments, and take public transportation.

Although the ALJ considered some aspects of Swanick's anxiety disorder, the court is troubled by his failure to consider Swanick's panic attacks. Plaintiff and her husband both testified that she has frequent "spells" during which her heart races and she often loses consciousness. See Transcript of Record (Tr.) at 60, 79. The ALJ's failure to consider this problem may have stemmed from the belief that plaintiff's palpitations and syncope had a physiological etiology. In his memorandum of law, defendant rebuts plaintiff's allegation of a disabling mental impairment by referring to her testimony that it was her "heart spells," and not her anxiety disorder, that caused

5

her to stop working. See Defendant's Memorandum at 10. All the evidence of record, however, supports the conclusion that plaintiff's so-called "heart spells" were in reality panic attacks. For instance, one of her treating physicians, Dr. Walter J. Alt, identified her problem as "anxiety disorder and psychophysiologic chest pain" and referred her to a counselor. Tr. at 190. Similarly, Dr. Robert Walrath, to whom the Bureau of Social Security Disability Determinations referred plaintiff for a psychological evaluation, concluded that Swanick had an anxiety disorder and was experiencing panic attacks. See Tr. at 207. Another examining physician, Dr. William Windler, indicated that plaintiff had an anxiety order that was producing hyperventilation-induced syncope. See Tr. at 215. Indeed, there is no support for the Commissioner's assertion "that more than one medical source discounted that any relationship existed between alleged heart spells and anxiety symptoms." Defendant's Memorandum at 10. Most of the medical evidence cited by the Commissioner indicates that the etiology of plaintiff's "heart spells" was noncardiac or unknown. See Tr. at 110 ("atypical chest pain considered to be non cardiac in origin"), 152-53 ("no clear-cut etiology to these spells has ever been determined"), 160-61 ("Atypical chest pain, ? etiology"), 173 ("pain is noncardiac in origin"). This evidence, pointing as it does to

6

the lack of a physical explanation for Swanick's symptoms, is entirely consistent with, and indeed supports, the proposition that she is having panic attacks. The final piece of evidence cited by the Commissioner actually states that Swanick's anxiety disorder is the likely source of her symptoms. See Tr. at 190.

Given the evidence of panic attacks, it was error for the ALJ to fail to address this symptom and its effect on Swanick's ability to perform her past relevant work. Undoubtedly, if the plaintiff is, as she testifies, losing consciousness on a regular basis, this would impact her ability to work. It is entirely possible, however, that the ALJ concluded that Swanick exaggerated the severity and frequency of her "heart spells." If Swanick is experiencing these spells weekly, rather than daily as she testified, it may have been reasonable to conclude that she is still able to perform housekeeping work. The ALJ, however, is required to make this factual determination. Because it is unclear from the record whether the ALJ considered plaintiff's panic attacks, the court will remand the case to permit him to do so.

### b. Failure to Consult a Vocational Expert

The plaintiff further contends that the ALJ erred by not utilizing a vocational expert to determine Swanick's ability to

7

return to her former line of work. It is the plaintiff, however, who bears the burden at step four of the sequential process. See Crane v. Shalala, 76 F.3d 251, 255 (9th Cir. 1996). "[A]t Step 4 the claimant is the primary source of vocational documentation, and her statements regarding past work are generally sufficient for determining the skill level and demands of such work." Morin v. Secretary of Health and Human Servs., 835 F. Supp. 1414, 1423 (D.N.H. 1992). "A vocational expert enters the sequential analysis for determining disability after a claimant is found unable to do her past relevant work." Smith v. Bowen, 837 F.2d 635, 637 (4th Cir. 1987). Thus, there was no need for the ALJ to call a vocational expert in this case because he decided the case before reaching step five of the analysis.


## Conclusion

Pursuant to sentence four of 42 U.S.C. § 405(g), the court reverses the Commissioner's decision and remands the case for further proceedings consistent with the findings of this order.

SO ORDERED.

Shane Devine, Senior Judge
United States District Court

November 25, 1998

cc:  Raymond J. Kelly, Esq.
     David L. Broderick, Esq.

8