[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 3, 2005
THOMAS K. KAHN
CLERK

No. 04-13705
Non-Argument Calendar

_____

D. C. Docket No. 03-14306-CV-FJL

LESLIE HENNES,

Plaintiff-Appellant,

versus

COMMISSIONER OF SOCIAL
SECURITY ADMINISTRATION,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(May 3, 2005)**

Before EDMONDSON, Chief Judge, BIRCH and BARKETT, Circuit Judges.

PER CURIAM:

Plaintiff-Appellant Leslie Hennes appeals the district court's order affirming the Administrative Law Judge's ("ALJ's") denial of Hennes's application for disability insurance benefits ("benefits") under 42 U.S.C. § 405(g). Hennes contends that the ALJ erred in (1) considering the testimony of a vocational expert ("VE") in deciding whether Hennes could perform her past relevant work, and (2) evaluating the credibility of Hennes's subjective complaints. No reversible error has been shown; we affirm.

Hennes applied for benefits alleging disability dating back to 15 April 1997, due to fibromyalgia,[1] colitis, and coronary disease. Hennes was last insured on 30 June 2001. Her application was denied initially and on reconsideration. Hennes then applied for a hearing before an ALJ. In March 2003, at the time of the hearing, Hennes was 56 years old, had completed high school and some college, and had previously worked as a correspondence secretary, receptionist, medical records secretary, beautician, and barber.

---

[1] Fibromyalgia is defined as "a syndrome of chronic pain of musculoskeletal origin but uncertain cause." Diagnostic criteria include "pain on both sides of the body, both above and below the waist, as well as in an in an axial distribution . . . [and] point tenderness in at least 11 of 18 specified sites." See STEDMAN'S MEDICAL DICTIONARY 535.

Hennes testified that, as a receptionist—one of her longest held positions—she set appointments, answered the phone, filed records, and moved office supplies that weighed less than ten pounds. This work involved walking, standing, sitting, kneeling, and writing. Hennes quit this position in 1996, because she no longer could stand for long periods, kneel, or lift supplies. Her pain rated as a six or seven on an average day, with ten being the most severe, and as an eight or nine on one or two days per month. She also suffered from depression, which resulted in crying spells and feelings of worthlessness. She had difficulty walking for more than a half-block, sitting or standing for more than 15 minutes, and sleeping without medication. She, however, could shop for groceries and cook meals with her husband, wash dishes, put clothing in the washing machine, fold and hang clothing, crochet, read, and drive short distances.

After discussing this testimony, along with the medical evidence in the record, the ALJ determined that Hennes's impairments of coronary-artery disease, obesity, adjustment disorder, fibromyalgia, and hypertension constituted severe impairments but that they did not meet or equal one of the listed impairments in 20 C.F.R. Part 404, Subpt. P. App. 1. In determining Hennes's residual functional capacity ("RFC"), the ALJ explained that she had not found credible Hennes's subjective complaints to the extent they showed an inability to perform light work

3

with certain limitations. Instead, the ALJ determined that Hennes could (1) lift up to 20 pounds occasionally and 10 pounds frequently; (2) stand, sit, and walk for 6 hours in an 8-hour work day; (3) balance, stoop, kneel, crouch, crawl, and reach overhead occasionally, but not climb; and (4) understand, remember, and carry out simple instructions. The ALJ also determined that Hennes's performance of her past relevant work as a receptionist was not precluded by this RFC. Thus, the ALJ concluded that Hennes was not disabled. The appeals council denied review; the district court affirmed.

Our review in a Social Security case is the same as that of the district court. Miles v. Chater, 84 F.3d 1397, 1400 (11th Cir. 1996).

> [We] must review the agency's decision and determine whether its conclusion, as a whole, was supported by substantial evidence in the record. Substantial evidence is something more than a mere scintilla, but less than a preponderance. If the Commissioner's decision is supported by substantial evidence, [we] may affirm, even if the proof preponderates against it. We may not decide facts anew, reweigh the evidence, or substitute our judgment for that of the Commissioner.

Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (internal quotations and marks omitted).

As discussed above, Hennes argues on appeal that the ALJ erred by considering the VE's testimony in determining that Hennes could perform her past

relevant work.[2]  The Social Security regulations provide a five-step sequential evaluation process for determining if a claimant has proven that she is disabled. See generally 20 C.F.R. § 404.1520.  If a claimant does not have a listed impairment, the ALJ—at the fourth-step of this evaluation process—must assess the claimant's RFC and determine whether the claimant can perform her past relevant work, despite her impairment.  20 C.F.R. § 404.1520(e).  If the claimant can return to her past relevant work, she is not disabled.   20 C.F.R. § 404.1520(a)(4)(iv) & (f).[3]

In determining whether a claimant can return to her past relevant work, the ALJ must determine the claimant's RFC, using all relevant medical and other evidence in the record.  Phillips v. Barnhart, 357 F.3d 1232, 1238 (11th Cir. 2004). Indeed, although VE testimony is not required in determining whether a claimant can perform her past relevant work, see Lucas v. Sullivan, 918 F.2d 1567, 1573 n.2 (11th Cir. 1990), the regulations provide that "the services of vocational

---

[2]  In making this argument, Hennes cites to non-binding authority from other circuits, including the Fourth Circuit's decision in Smith v. Bowen, 837 F.2d 635, 637 (4th Cir. 1987) (improper for the ALJ to rely on the VE's testimony in determining that the claimant could return to her past relevant work), and the Tenth Circuit's decision in Winfrey v. Chater, 92 F.3d 12017, 1025 (10th Cir. 1996) (although the ALJ may rely on information supplied by the VE at step four, the ALJ must clearly explain his own evaluation of the claimant's ability to perform his past relevant work).

[3]  The claimant bears the burden of showing that she is unable to perform her previous work.  See Barnes v. Sullivan, 932 F.2d 1356, 1359 (11th Cir. 1991).

experts or vocational specialists" may be used in making this determination because such an expert "may offer relevant evidence within his or her expertise or knowledge concerning the physical and mental demands of a claimant's past relevant work, either as the claimant actually performed it or as generally performed in the national economy," see 20 C.F.R. § 404.1560(b)(2).

Here, the ALJ found that Hennes could perform her prior relevant work as a receptionist only after the ALJ explained her credibility findings and determined Hennes's RFC. To the extent that the ALJ considered the VE's opinion that, based on Hennes's RFC, she could return to her past relevant work as a receptionist, the VE's testimony was based on hypothetical questions compromising all of Hennes's impairments.[4] And the ALJ properly utilized this expert testimony, along with the other evidence in the record,[5] in determining the

---

[4] The VE summarized Hennes's past work as a secretary/receptionist and classified it as semi-skilled work that was between sedentary and light. Through answering a hypothetical, the VE also testified that someone with Hennes's limitations and pain could perform her past relevant work as a secretary/receptionist. On the other hand, the VE stated that, if the ALJ were to give full credit to Hennes's testimony, Hennes could not perform any past relevant work. See Phillips, 357 F.3d at 1240 n.7 ("for a VE's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments").

[5] The ALJ specifically referred to an RFC assessment Dr. Jim Takach, completed in March 2001, which noted that Hennes was diagnosed chiefly with coronary artery disease and secondarily with possible fibromyalgia. Dr. Takach determined that Hennes could occasionally lift 20 pounds and frequently lift 10 pounds; could stand, walk, and/or sit for at least 6 hours in an 8-hour work day; occasionally could climb ramps or stairs, balance, stoop, kneel, crouch, and crawl; and could never climb a ladder, rope, or scaffold.

relationship between Hennes's RFC and her past relevant work.  See Phillips, 357

F.3d at 1238; see also 20 C.F.R. § 404.1560(b)(2).  The ALJ, therefore, did not err

in considering the testimony of the VE in deciding whether Hennes could perform

her past relevant work.

Hennes also argues that the ALJ (1) improperly discredited her subjective

complaints in determining her RFC and (2) failed to articulate reasons for this

credibility finding.  Hennes contends that her conditions of fibromyalgia, obesity,

and cardiac impairments reasonably could be expected to cause disabling pain.[6]

To establish a disability based on testimony of pain or other subjective

symptoms, the claimant must show "(1) evidence of an underlying medical

condition and either (2) objective medical evidence that confirms the severity of

the alleged pain arising from that condition or (3) that the objectively determined

medical condition is of such severity that it can be reasonably expected to give rise

---

[6] Because Hennes has not challenged on appeal the ALJ's determination that her adjustment disorder with depressed mood and pain caused moderate restriction in concentration but that she could understand, remember, and carry out simple instructions, we deem this issue abandoned.  See Access Now, Inc. v. Southwest Airlines Co., 385 F.3d 1324, 1330 (11th Cir. 2004) ("a party seeking to raise a claim or issue on appeal must plainly and prominently so indicate.  Otherwise, the issue—even if properly preserved at trial—will be considered abandoned").  Regardless, although Dr. Robert Midence indicated in a December 2000 assessment that Hennes had a mental impairment that significantly interfered with her daily functioning, he included few clinical observations to support this finding.  A consultative psychological evaluation in April 2001, on the other hand, revealed that Hennes evidenced adequate powers of concentration and memory, her abstractive and relational reasoning was good;  her judgment was appropriate.

to the alleged pain." Dyer, 395 F.3d at 1210 (citing Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991)). If the claimant testified on his subjective complaints, as Hennes did here, the ALJ must "articulate explicit and adequate reasons" for discrediting the claimant's allegations. Dyer, 395 F.3d at 1210 (quotation omitted). "A clearly articulated credibility finding with substantial supporting evidence in the record will not be disturbed by a reviewing court." Foote v. Chater, 67 F.3d 1553, 1562 (11th Cir. 1995).

As discussed above, in applying this pain standard, the ALJ determined that Hennes's subjective complaints were not credible to show an inability to perform light work with certain limitations.[7] The ALJ explained that Hennes's complaints were not supported by clinical or laboratory findings and were inconsistent with other evidence, including findings by Hennes's physicians that her chest pain was not cardiac related and was possibly resolved. The ALJ noted that Hennes's physicians' findings on examination had been minimal. And the ALJ explained that her determination was consistent with Dr. Percival Tamayo's opinion that

---

[7] Although the ALJ did not cite or refer to Holt, she cited to 20 C.F.R. § 404.1529, which contains the same language on subjective pain testimony. See 20 C.F.R. § 404.1529; Wilson v. Barnhart, 284 F.3d 1219, 1226 (11th Cir. 2002).

Hennes could not return to a position that required her to be on her feet all day or to raise her arms.[8]

Indeed, the medical evidence included that Hennes's primary care physician examined her in August 1996 for persistent insomnia and leg cramps and diagnosed her with fibromyalgia. In September 1997, this doctor referred her for a cardiac catheterization, which indicated single vessel coronary artery disease as manifested by 70% stenosis of the right coronary artery, normal functioning of the left ventricular, and ejection fraction of 70%. In October 1997, Hennes underwent an elective coronary angioplasty (enlargement of narrowing artery), with the placement of stent. When Dr. D.C. Blankenship examined Hennes on 27 October 1997, he noted that her continued chest discomfort was atypical, that a cardiac study showed no evidence of myocardial ischemia, and that her symptoms appeared, instead, to be related to musculoskeletal etiology.[9]

---

[8] In February 2001, Dr. Tamayo completed a consultative disability examination. He concluded that Hennes could not return to her work as a beautician or barber because her coronary artery disease and associated fibromyalgia prevented her from being on her feet all day and from raising her arms. But he did not address whether Hennes could return to work as a receptionist.

[9] Dr. Blankenship specifically diagnosed Hennes with coronary artery disease post angioplasty and stenting; normalization of the recently abnormal exercise cardiac study; normal left ventricular size and systolic function; chronic hypertension which was under control; remote thyroidectomy on chronic synthroid therapy; depression by history; fibromyalgia by history; and exogenus obesity.

9

In March 1998, Dr. Thomas O'Connor examined Hennes, who reported "no angina with exertion, shortness of breath, palpitations, lightheadedness or fainting." Hennes stated that she took Relafen for fibromyalgia, which had been present for two years and was characterized by aching in the muscle groups. Hennes also reported that she suffered from irritable bowel syndrome; chronic hypertension; hypothyroidism with a thyroidectomy; and hyperlipidemia. But Dr. O'Connor noted that all of which conditions were controlled with medication.

Also in March 1998, Dr. David S. Bach examined Hennes for further cardiac assessment. Hennes, who was now active and free of chest discomfort, underwent an exercise echocardiograph, which showed mild to moderate regurgitation, but produced no chest pain. Hennes's blood pressure was 116/70. In a follow-up letter to Dr. O'Connor in April 1998, Dr. Bach noted that the echocardiograph showed that Hennes had inducible ischemia, and he recommended an increase in Lopressor dosage, but he described Hennes's chest pain as likely attributable to her fibromyalgia.[10]

And from June 1999 through May 2002, Dr. Robert Midence, M.D. treated Hennes approximately 15 times, diagnosing her with obesity, with fibromyalgia

---

[10] In February 2001, a cardiac catheterization showed mild intimal plaquing with non-obstructive coronary artery disease, but no significant obstruction.

beginning in late 1999, and with depression by December 2000. A cadiac stress test in January 2001 revealed slight blockage and some damaged tissue in Hennes's left heart ventricle, but Dr. Midence never noted that Hennes complained of chest pain. Indeed, despite Dr. Tamayo's conclusion in her consultative examination that Hennes could not return to her work as a beautician or barber, he determined that Hennes's heart had regular rhythm with no murmurs or gallops, and that her blood pressure was well controlled.

Thus, after Hennes underwent an angioplasty and stent placement in September 1997, the medical evidence showed that her complaints were not typical for someone with cardiac problems and, instead, were attributable to fibromyalgia. Although we have recognized that fibromyalgia may be disabling, see Phillips, 357 F.3d at 1243, the medical evidence did not confirm the severity of the alleged pain arising from this condition or that of obesity, and Hennes has failed to present objective evidence showing that these conditions were of such severity that they reasonably could be expected to give rise to the alleged pain.[11]

---

[11] Although the ALJ did not specifically address how Hennes's obesity affected her subjective complaints of pain and, ultimately, her RFC, we recently have reiterated that "there is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision, so long as the ALJ's decision . . . is not a broad rejection which is 'not enough to enable [the district court or this Court] to conclude that [the ALJ] considered her medical condition as a whole.'" See Dyer, 395 F.3d at 1211 (quotation omitted).

11

And, as the ALJ noted, the degree of Hennes's complaints also were belied by her testimony that she could shop for groceries and cook meals with her husband, put clothing in the washing machine, fold and hang clothing, and crochet. See Macia v. Bowen, 829 F.2d 1009, 1012 (11th Cir. 1987) (the regulations do not "prevent the ALJ from considering a claimant's daily activities at the fourth step of the sequential evaluation process"). The ALJ, thus, properly applied the Holt pain standard, and her determination is supported by substantial evidence. See Wilson, 284 F.3d at 1226 (concluding that the "ALJ made a reasonable decision to reject [the claimant's] subjective testimony, articulating, in detail, the contrary evidence as his reasons for doing so").

We conclude that the ALJ's decision was supported by substantial evidence, and that the district court did not err in affirming that decision.

AFFIRMED.