[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 19, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-15575
Non-Argument Calendar

_____

D. C. Docket No. 05-00092-CV-1-MP-EMT

ROBERT BOUIE,

Plaintiff-Appellant,

versus

MICHAEL J. ASTRUE,
Commissioner of the Social Security
Administration,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

**(March 19, 2007)**

Before ANDERSON, BARKETT and FAY, Circuit Judges.

PER CURIAM:

Robert Bouie appeals the district court's order affirming the Social Security Administration's denial of his application for disability insurance benefits, 42 U.S.C. § 405(g). First, Bouie argues that the Administrative Law Judge ("ALJ") erred by posing hypotheticals to the Vocational Expert ("VE") that did not accurately depict all of his impairments. Second, Bouie argues that the ALJ erred by finding that Bouie could work eight hours a day for five days.

We review the ALJ's decision "to determine if it is supported by substantial evidence and based on proper legal standards." Crawford v. Comm'r, 363 F.3d 1155, 1158 (11th Cir. 2004). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion . . . . Even if the evidence preponderates against the [ALJ's] findings, we must affirm if the decision reached is supported by substantial evidence." Id. at 1158-59 (quotation omitted). In conducting this review, we do not reweigh the evidence or substitute our judgment for that of the ALJ. Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990). "With respect to the [ALJ's] legal conclusions, however, our review is de novo. Lewis v. Barnhart, 285 F.3d 1329, 1330 (11th Cir. 2002).

First, Bouie argues that the ALJ erred in posing hypotheticals to the VE because they did not accurately depict all of Bouie's impairments. Specifically, Bouie argues that the hypotheticals did not include the findings of Dr. Russell Clifton that Bouie had (1) "marked inability to maintain attention and

2

concentration for extended periods," (2) "inability to complete a normal workday and workweek without interruptions from psychologically based symptoms," and (3) "inability to perform at a consistent pace without an unreasonable number and length of rest periods." Additionally, Bouie alleges that the hypotheticals failed to include physical limitations as described by Dr. Bette Boysen and Dr. Jesse Lipnick.

An ALJ must evaluate the following five criteria in deciding whether a claimant is entitled to social security disability: (1) "[i]s the individual performing gainful activity;" (2) "[d]oes [he] have a serious impairment;" (3) "[d]oes [he] have a serious impairment that meets or equals an impairment specifically listed in 20 C.F.R. part 404, subpart P, appendix 1;" (4) "[c]an [he] perform [his] past relevant work;" and (5) "[b]ased on [his] age, education, and work experience can [he] perform work of the sort found in the national economy." Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). In step 5, the Commissioner has the burden of proving "there is other work in the national economy the claimant can perform." Wolfe v. Chater, 86 F.3d 1072, 1077 (11th Cir. 1996). "Essentially, the ALJ must determine if there is other work available in significant numbers in the national economy that the claimant has the ability to perform. If the claimant can make the adjustment to other work, the ALJ will determine that the claimant is not disabled. If the claimant cannot make the adjustment to other work, the ALJ will determine that the claimant is disabled." Phillips, 357 F.3d at 1239.

3

There are two avenues by which the ALJ may determine whether a claimant has the ability to adjust to other work in the national economy, (1) by applying the Medical Vocational Guidelines and (2) by using a VE. Phillips, 357 F.3d at 1239-1240. VE testimony is the preferred method for introducing independent evidence of the existence of jobs in the national economy that the claimant can perform. Wilson v. Barnhart, 284 F.3d 1219, 1227 (11th Cir. 2002). "In order for a vocational expert's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments." Id. Furthermore, the ALJ must instruct the VE to consider all "severe" impairments when eliciting testimony. Pendley v. Heckler, 767 F.2d 1561, 1563 (11th Cir. 1985). An ALJ is "not required to include findings in the hypothetical that the ALJ [has] properly rejected as unsupported." Crawford, 363 F.3d at 1161. An ALJ may reject the opinion of any physician when the record supports a contrary conclusion. Syrock v. Heckler, 764 F.2d 834, 835 (11th Cir. 1985). The resolution of conflicting evidence is the function of the ALJ, not the Court. Graham v. Bowen, 790 F.2d 1572, 1575 (11th Cir. 1986).

The record reveals that the ALJ reviewed in detail the extensive medical records regarding Bouie from the time of his hip replacement in June of 1996 up through the hearing on August 15, 2001. In questioning Ms. Dee Dee Locascio, the vocational expert, the ALJ carefully included the limitations described by Bouie and those of the numerous doctors found to be credible. The hypotheticals

4

posed to the VE were complete and probative.

Substantial evidence supports the ALJ's discrediting Dr. Clifton's assessment because the assessment was not supported by his examination report or Bouie's testimony. Furthermore, the findings of Dr. Michael Amiel were contrary to Dr. Clifton's assessment. Therefore, the ALJ did not need to include Dr. Clifton's findings in the hypotheticals.

Furthermore, in formulating Bouie's residual functioning capacity ("RFC"), the ALJ's findings were consistent with the only limitation recommended by Dr. Boysen, which was that Bouie could perform light duty work. To the extent that the RFC conflicted with the findings of Dr. Lipnick, the ALJ's findings were supported by the reports of other doctors as well as by Bouie's performance on a functional capacity evaluation. Because the ALJ posed hypotheticals consistent with the RFC, which was supported by substantial evidence, the ALJ did not err in posing the hypotheticals.

Next, Bouie argues that the ALJ erred in finding that he could work eight hours a day for five days. As discussed above, we review the ALJ's decision "to determine if it is supported by substantial evidence and based on proper legal standards." Crawford, 363 F.3d at 1158.

The ALJ based this conclusion on the testimony of Doctors Collins, Lipnick and Lopez. The only doctor who indicated that Bouie could not work an eight hour day was Dr. Huey. The ALJ specifically explained that she did not give Dr.

5

Huey's testimony much weight because he did not explain his reasons for his conclusions.

With at least three doctors specifically finding that Bouie was able to work an eight-hour day, substantial evidence supports the ALJ's finding.

Upon careful review of the administrative proceedings, the medical record, the proceedings in the district court, and upon consideration of the parties' briefs, we find no error. Substantial evidence supports the ALJ's formulation of the hypotheticals and the ALJ's finding that Bouie could work an eight-hour day.

**AFFIRMED.**