**Guyton L. GRAHAM,**
**Plaintiff-Appellant,**

v.

**Otis R. BOWEN, Secretary of Health**
**and Human Services,**
**Defendant-Appellee.**

**No. 85–8200.**

United States Court of Appeals,
Eleventh Circuit.

June 11, 1986.

Bruce Billman, Macon, Ga., for plaintiff-appellant.

Henry L. Whisenhunt, Jr., Asst. U.S. Atty., Augusta, Ga., Marie T. Ransley, Dept. of Health & Human Services, Office of Gen. Counsel, Atlanta, Ga., for defendant-appellee.

Before HILL and FAY, Circuit Judges, and TUTTLE, Senior Circuit Judge.

TUTTLE, Senior Circuit Judge:

## I. BACKGROUND

Appellant was born on January 19, 1922. He testified that he completed the sixth grade in school and studied seventh and eighth grade course materials at home. The Appeals Council determined that appellant had an eighth grade education.

From 1963 to 1979, appellant worked at Reeves Brothers Textile Mill in Eastman, Georgia as a machinist in plant maintenance. Appellant stated in a vocational report that he used machines and tools such as lathes, gear hogs, milling machines, key-way machines, and hydraulic presses to perform such general maintenance tasks as plumbing, electrical work, welding, gear-making, parts repair, rewiring, changing and repairing electrical motors and all kinds of engines. According to vocational expert Dr. Murdock, appellant's occupation allowed him to acquire knowledge of a mechanical nature which would include shop mathematics and properties of metal.

On September 14, 1979, appellant was placed on leave of absence from his job due to complaints of chronic breathing problems and lower back pains. One year later, September 14, 1980, appellant was released from his employment, ostensibly because the company's policy stated that the maximum time one could be on medical leave status was one year.

Appellant filed the claim now at issue on August 28, 1981. The claim was initially denied by Administrative Law Judge Robert L. Smith on December 28, 1982. Judge Smith held that *res judicata* barred reevaluation of appellant's disability through May 18, 1981 because of denial of an earlier claim. Further, the judge held that appellant had not become disabled since May 18, 1981. After the Appeals Council denied review, appellant filed suit in federal court.

In connection with appellant's suit in federal court, the Secretary filed a series of motions for extension of time. On January 30, 1984, the Secretary notified the court that the tape of the administrative hearing had been lost. At this point, the Secretary requested that the case be remanded for *de novo* proceedings. The district court granted the motion.

On April 11, 1984, an Administrative Law Judge conducted a *de novo* hearing. On May 31, 1984, the judge recommended that appellant's claim be denied on the grounds that his impairments were not severe. The Appeals Council, however, modified the administrative law judge's decision, concluding that appellant was limited to light work, but was not under a disability, and thus was not entitled to disability benefits pursuant to Rule 202.03 of the Medical-Vocational Guidelines (Grids).

In August of 1984, the case was reopened on the district court docket. The magistrate's report concluded that substantial evidence did not support the Secretary's determination that appellant could perform light work. The magistrate concluded that appellant could perform only sedentary work. In making this determination, the magistrate gave "great weight" to the opinion of Dr. Conner, appellant's treating physician since 1980. Dr. Conner stated in his deposition that appellant was unable to stand or walk for six out of eight hours a day, occasionally lift 20 pounds, or continuously push or pull arm and leg controls due to his back and shortness of breath. The magistrate also relied on a letter from Dr. Conner dated February 15, 1983, in which Dr. Conner stated that X-rays of appellant's lumbosacral spine revealed degenerative arthritis and that the GI series revealed a hiatal hernia.

The magistrate similarly gave great weight to the diagnosis of appellant's treating physicians, Dr. Sayeed and Dr. Conner, in concluding that appellant's "breathing difficulty is a severe impairment that significantly limits basic work activities and thus the grids are inapplicable." The magistrate credited these doctors' opinions over that of Dr. Patel, who examined appellant for medical evaluation on January 3, 1984. According to Dr. Patel, his examination revealed chronic bronchitis, but the examination, the spirometry, and chest X-ray revealed no evidence of respiratory insufficiency, emphysema, or chronic sequelae. Dr. Conner, on the other hand, stated that appellant's chest X-rays revealed chronic obstruction pulmonary disease and stated that appellant had dyspnea with short walks and mild exertion and asthma. Dr. Conner further stated in a deposition on March 21, 1984, that appellant had chronic

emphysema and asthma. Dr. Sayeed who has been treating appellant since 1979 diagnosed him as having emphysema with chronic obstructive disease.

The magistrate relied on the testimony of Dr. Murdock, a psychologist and vocational expert, in finding that there was sedentary work in sufficient numbers in the national economy which the appellant could perform, and thus denied appellant's claim. The district court adopted the Magistrate's Report and Recommendation as the opinion of the court. From this adverse determination, appellant filed a timely notice of appeal.

## II.   ISSUES

The proper formulation of the issue before this Court is a serious bone of contention between the parties. Appellant states the issue as, "Whether substantial evidence supports a finding that Mr. Graham has transferable skills which would allow the Secretary to apply Rule 202.03 of the Medical-Vocational Guidelines."

Appellee, however, states the issue as, "Whether substantial evidence supports the Secretary's finding that claimant can perform light jobs and therefore is not disabled."

However the question is posed it is clear that this Court must determine whether substantial evidence supports the Secretary's conclusion that appellant has transferable skills at the light exertional level.

## III.   STANDARD OF REVIEW

The findings of the Secretary, acting through the Appeals Council must be affirmed if supported by substantial evidence.

## IV.   DISCUSSION

In this three-tier approach to determining Graham's disability *vel non* we have findings by the Administrative Law Judge (ALJ), which were upset or overruled by the Appeals Council (AC), which in turn were rejected by the district court judge through the magistrate's findings and conclusions. We must, therefore, make plain which factfinder is entitled to the statutorily mandated deference owed by this Court.[1]

The procedure for the Health and Human Resources Department of Services' determination of disability is set out in 42 U.S.C. § 405(b) and the applicable regulations issued thereunder. It provides a hearing before an ALJ, a review by the AC, followed by a right of "review" in the United States district court. Review by the AC is *de novo*. That before the district court is not. This of itself, would seem to require us to conclude that the AC becomes the factfinder for the Secretary.[2] The statute provides: "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. 405(b). This Court has stated it this way:

> The findings of fact and decision of the Secretary are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). The reviewing court thus has a very limited role, and may not decide the facts anew or substitute its judgment for that of the Secretary. *Allen v. Schweiker,* 642 F.2d 799, 800 (5th Cir.1981).

*Arnold v. Heckler,* 732 F.2d 881, 883.

Our function is the same as that of the district court. We examine the record to determine whether the AC made any legal-

---

1.   We have withheld the decision in this case pending the decision of the Court en banc in *Parker v. Bowen* and *Hand v. Bowen,* 788 F.2d 1512 (11th Cir.1986).

2.   This is also consistent with *Parker* and *Hand, supra.* There we held:
> Accordingly, we hold that in cases where the Appeals Council reverses an ALJ's decision *on its own motion,* judicial review is limited to determining whether the Appeals

Council's decision is supported by substantial evidence.

*Id.* at 1519 (emphasis added.)

While those cases dealt with appeals to the AC on the Council's own motion, we perceive no reason not to reach the same conclusion here, although the appeal was initiated by the applicant.

In this case, there was no rejection by the AC of a credibility finding of the A.L.J.

ly erroneous determination and whether there was a want of substantial evidence. *Boyd v. Heckler,* 704 F.2d 1207 (11th Cir. 1983). In *Boyd* we said:

> Our review of the factual findings in disability cases is quite limited. If there is substantial evidence in the record to support the Secretary's findings, they must be upheld. 42 U.S.C. § 405(g); *Walden v. Schweiker,* 672 F.2d 835 (11th Cir.1982). The "substantial evidence" test is met if a reasonable person would accept the evidence in the record as adequate to support the challenged conclusion. Nevertheless, this "does not relieve the court of its responsibility to scrutinize the record in its entirety to ascertain whether substantial evidence supports each essential administrative finding." *Walden,* 672 F.2d at 838.
>
> A determination that is supported by substantial evidence may be meaningless, however, if it is coupled with or derived from faulty legal principles. Hence, we must also examine the legal premises upon which the Secretary's decision is based. *See Wiggins v. Schweiker,* 679 F.2d 1387, 1389 (11th Cir.1982).

704 F.2d at 1207 (footnotes omitted).

In this case, the ALJ found that there was no severe impairment to the claimant and thus denied the claim. The AC then found as follows: "The AC does not agree with the ALJ's finding that the claimant has no severe impairment." The AC went further then and stated: "That the claimant's impairments restrict his ability to perform work-related functions that he could perform no more than light work activity." The following two findings are of particular significance here:

6. Considering the claimant's exertional limitations only, the claimant has the residual functional capacity for light work.

7. The level of work the claimant can do is not significantly affected by his non-exertional limitations.

The AC found that Graham was "in the category of a person of advanced age" and was a person of "limited education." It also found that the claimant "has acquired

work skills as demonstrated in past work which are transferable to other work (Section 404.1568 of the Regulations).

Finally, the AC determined:

> Considering both the exertional and non-exertional limitations, Regulations 404.1520(f) and the framework of Rule 202.03, Table No. 2 of Appendix 2, subpart (p) of Regulations No. 4 would lead to a conclusion that claimant is "not disabled."

Thus, the final finding of the AC was to the effect that, considering exertional and non-exertional limitations together, the claimant was fit for light work and that he had transferable skills in that category.

In the district court "review" of the Secretary's decision the magistrate stated that the AC should not have used the Grid 202.-03 because "the Grids may not be relied on where the claimant has a severe non-exertional impairment which significantly limits basic work activities or where the claimant cannot perform a full range of work at a given residual functional level," citing *Francis v. Heckler,* 749 F.2d 1562 (11th Cir.1985); *Murray v. Heckler,* 737 F.2d 934 (11th Cir.1984); *Rambo v. Heckler,* 728 F.2d 1583 (11th Cir.1984).

The magistrate then proceeded to weigh the evidence given by Drs. Conner and Sayeed as against that given by Dr. Patel. The magistrate then stated:

> The opinions of Dr. Conner and Dr. Sayeed, his treating physicians, are to be given greater weight than the opinion of Dr. Patel.... Thus substantial evidence supports a finding that the claimant's breathing difficulty is a severe impairment that significantly limits basic work activities and thus the Grids are inapplicable.

■ The weighing of evidence is a function of the factfinder, not of the district court. The question is not whether substantial evidence supports a finding made by the district court but whether substantial evidence supports a finding made by the Secretary. Here, it is clear that there was substantial evidence to support the

finding by the AC that considering the combination of the exertional and non-exertional impairments, Graham still had the capacity to perform light work. This finding must, therefore, be accepted on this appeal.

■ Appellant contends principally that the Secretary should have applied Grid Rule 202.02[3] which directs a finding of disability rather than Grid Rule 202.03 which directs a finding of nondisability. According to appellant, the principal difference between the two rules is that Rule 202.03 assumes that the claimant's work skills at the light exertional level are transferable, whereas Rule 202.02 assumes that the skills are nontransferable. The vocational expert testified that skilled jobs existed at the light and sedentary exertional levels and that Graham's skills were transferable. Appellant argues, however, that the vocational expert's testimony was given without reference to appellant's advanced age and limited education. This is incorrect, because Rule 202.03 contemplates a worker of "advanced age" and "limited or less" education.

■ Appellant also argues that the hypothetical question posed by the administrative law judge which led the vocational expert to testify that appellant's past work as a machinist would yield skills transferable to jobs such as supervisor of machine shop or tool and die company, inspector in such shops, a tool grinder and a hand tool lapper, was insufficient in that it did not give account to appellant's chronic emphysema or lung disease. It is true that when the expert was asked to consider this factor, he concluded that if this condition was present, there would be no jobs at the light level to which appellant could transfer his skills. The difficulty with this argument, however, is that the AC found that: "The level of work the claimant can do is not significantly affected by his non-exertional limitations." Thus, there was a failure of proof by the claimant of this element of the hypothetical question. Thus, this answer as to the nonavailability of jobs became irrelevant.

Since, as we have noted above, the AC was the factfinder for the Secretary and since there was disputed evidence which the district court improperly undertook to weigh, we consider it unnecessary to pass on the court's basis for denying claimant a disability finding, since we conclude that the court was bound by the AC's finding with respect to this matter.

Being constrained as we are by findings of fact that are substantially supported, we affirm the judgment of the trial court, not for the reasons articulated in the court's opinion, but rather for the reason that we are bound by the findings of fact by the Secretary, which we find to have been supported by substantial evidence.

The judgment is **AFFIRMED.**

---

**3.** The relevant parts of Grids 202.01, 202.02 and 202.03 are as follows:

