Lewis H. ALLEN, Plaintiff-Appellant,

v.

Otis R. BOWEN, Secretary of Health and Human Services, Defendant-Appellee.

No. 86–8542.

United States Court of Appeals, Eleventh Circuit.

May 7, 1987.

Thomas C. Chambers, III, Homerville, Ga., Robert Rosenblum, Savannah, Ga., for plaintiff-appellant.

Hinton R. Pierce, U.S. Atty., Augusta, Ga., Elyse S. Sharfman, Office of General Counsel, D.H.H.S., Atlanta, Ga., for defendant-appellee.

Before RONEY, Chief Judge, HATCHETT, Circuit Judge, and TUTTLE, Senior Circuit Judge.

TUTTLE, Senior Circuit Judge:

This case concerns the Secretary's denial of a claimant's application for supplemental security income and disability insurance benefits under the Social Security Act. As the Social Security appeals council disallowed review in this case, the administrative law judge's decision stands as the final decision of the Secretary. The district court, adopting a magistrate's findings, upheld the ALJ's decision to deny benefits. We affirm.

### I.

Lewis Allen was 60 years old at the time of his administrative hearing on September 28, 1984. Allen, who holds a GED certificate, worked predominately as a repairer of major household appliances. Allen used small hand tools in his trade. He learned his job through observation and by attending refresher courses at General Electric.

In August, 1983, Allen suffered an injury to his left arm in an auto accident. His ability to use his left arm is now limited. Allen, who is right handed, also suffers from back and neck pain, claustrophobia, and hyperventilation. Allen ceased work shortly after the accident.

At Allen's hearing on the issue of his disability, the ALJ considered his medical evidence concerning the impairment of his left arm and shoulder and probable herniated cervical disc and found that Allen was indeed disabled to the extent that he could perform no more than sedentary work. A vocational expert testified that Allen possessed skills which were readily transferable to the job of small appliance repair, that Allen could adapt to this job, and that a significant number of such jobs exist in the economy. Utilizing the grids as a framework for decision making and on the basis of the medical and vocational evidence adduced at the hearing, the ALJ found Allen not disabled. The ALJ concluded that despite the claimant's limitations, he could still engage in substantial gainful employment which exists in the national economy. Allen assigns error to the sufficiency of the evidence relied on by the ALJ to reach this finding and to the appeals council's refusal to review his case.

### II.

In order to establish entitlement to Social Security benefits the claimant must demonstrate an inability to perform his or her previous relevant work. *Mathews v. Eldridge*, 424 U.S. 319, 335–36, 96 S.Ct. 893, 903, 47 L.Ed.2d 18 (1976). Once this showing of disability is made, the burden shifts to the Secretary to show the existence of other types of substantial gainful employment that the claimant can perform. *Western v. Harris*, 633 F.2d 1204, 1206 (5th Cir.1981).[1] Allen claims that once he established his disability, the Secretary failed to show through substantial evidence that his

---

1. In *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir.1981) (en banc), this Court adopted as precedent all of the decisions of the former Fifth Circuit decided prior to October 1, 1981.

skills were transferable to other types of work existing in the economy.

A vocational expert's (VE) testimony supported the ALJ's finding concerning the transferability of Allen's skills and the existence of substantially gainful employment in the economy. The VE testified that Allen's skills from his prior experience as a large appliance repairman were transferable to other types of skilled bench work, one form being small appliance repair. The VE also testified that there are 174 such positions in the area where Allen resides. In addition to this testimony, the record contains evidence that there are some 1,600 general appliance repair jobs in the State of Georgia and some 80,000 such jobs nationwide. A considerable number of these general appliance repair jobs are in the small appliance field.

Allen complains that the Secretary failed to establish that the work he is able to perform exists in sufficient quantity to preclude a finding of disability. To show this, Allen cites the information he proffered to the appeals council with his request for review of the ALJ's decision. This evidence included statistics from the Georgia Department of Labor, a computer printout from the Georgia Career Information System, an excerpt from the U.S. Department of Labor Occupational Outlook Handbook, and copies of advertisements from yellow page telephone directories. Allen contends that this evidence undermines the Secretary's finding that a sufficient number of small appliance repair jobs exists in the economy.

In addressing Allen's claim, this Court must remain mindful of the standard of review that applies in this case. Here, we are bound by the substantial evidence standard: "The findings of the Secretary as to any fact, if supported by substantial evidence shall be conclusive." 42 U.S.C. 405(g). Our role is limited in that we may not decide the facts anew or substitute our judgment for that of the Secretary. *Graham v. Bowen,* 790 F.2d 1572, 1574 (11th Cir.1986). If the Secretary's decision is supported by substantial evidence, it must stand. *Id.*

■ Here, the claimant's assertion that there is an insufficient number of small appliance repair positions in the economy to satisfy the regulations seems counter intuitive. The Secretary must meet his burden, however, not by intuition but by substantial evidence. In this case, that was clearly achieved. A vocational expert testified as to the existence of such jobs and to the claimant's ability to adapt his skills to perform them. On the basis of this testimony and the other evidence of record, we find that substantial evidence supports the Secretary's decision. Furthermore, the evidence proffered to the appeals council to rebut the ALJ's conclusion was not on its face particularly probative. For instance, Allen tendered copies of yellow pages advertisements in an effort to show that less than the 174 positions of small appliance repairer attested to by the VE exist in his local economy. As the Secretary points out, such evidence goes to the number of appliance repair businesses utilizing the yellow pages rather than to the number of employment positions available at those businesses and at other businesses not listed therein. In sum, as the Secretary's finding on the issue is supported by substantial evidence, we uphold the Secretary's decision.

### III.

Allen's second assignment of error also concerns the evidence that he tendered to the appeals council in his attempt to show that an insufficient number of small appliance repair positions exist in the economy. Here, Allen claims that the appeals council erred in refusing to consider his request for appeal on the grounds of this evidence. The applicable regulations states that:

> If *new* and *material* evidence is submitted with the request for review, the Appeals Council shall evaluate the entire record. It will then review the case if it finds that the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently in the record.

20 C.F.R. §§ 404.970(b) and 416.1470(b) (1986) (emphasis added). Allen contends

that the evidence he submitted to the appeals council was "new and material" evidence under the regulation. As such, he claims that the appeals council was required to review his case. We disagree.

The record indicates that the appeals council considered the evidence Allen tendered in deciding not to review his case. From this, and from the argument of the Secretary, we may conclude that the appeals council found that Allen's evidence failed to satisfy the standard of "new and material evidence" under the regulation. Several factors support this conclusion. First, Allen's evidence sought to disprove the existence of small appliance repair positions in the local economy. The appropriate focus under the regulation, however, is the national economy. *Mathews v. Eldridge*, 424 U.S. 319, 336, 96 S.Ct. 893, 903, 47 L.Ed.2d 18 (1976). Thus, even if Allen's evidence were credible to the lack of jobs in his geographic area, his failure to disprove the existence of such jobs on a national scale would leave the ALJ's finding intact. As Allen incorrectly focused his inquiry, the appeals council could appropriately find that his evidence was immaterial. Second, evidence on the existence of small appliance repair positions was unquestionably present at the hearing. Accordingly, the claimant's rebuttal evidence on this issue was arguably not "new" evidence. While the evidence Allen proffered to the appeals council may not have been the exact same evidence that the ALJ considered, pertinent evidence on the issue was before the judge. In this respect, the appeals council could surmise that this evidence failed to rise to the level of "newness" required by the regulations. *Compare Milano v. Bowen*, 809 F.2d 763 (11th Cir.1987); *Smith v. Bowen*, 792 F.2d 1547 (11th Cir.1986). In sum, while we believe that the evidence Allen tendered to the appeals council was neither new nor material evidence, we are certain that it was not new *and* material as is required by the regulations. As such, the council was not constrained to review this case. The finding of the Secretary is therefore AFFIRMED.