[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 06-15638
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAR 09, 2007
THOMAS K. KAHN
CLERK

D. C. Docket No. 05-00880-CV-J-32-HTS

SHERRY E. WAINWRIGHT,

Plaintiff-Appellant,

versus

COMMISSIONER OF THE SOCIAL SECURITY
ADMINISTRATION,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(March 9, 2007)

Before MARCUS, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Sherry E. Wainwright appeals the magistrate judge's order affirming the

Social Security Commissioner's denial of her applications for disability insurance

benefits, filed pursuant to 42 U.S.C. §§ 405(g), and supplemental security income ("SSI"), filed pursuant to 42 U.S.C. § 1383(c)(3). After an evidentiary hearing, the administrative law judge ("ALJ") concluded that Wainwright was able to perform a wide range of light to sedentary work. The magistrate judge affirmed.[1] On appeal, Wainwright argues that the ALJ erred by failing to give sufficient weight to the opinion of her examining psychologist, Dr. William E. Beaty, who opined that Wainwright was unable to complete a normal workday or workweek due to psychologically based symptoms, and she was not able to perform at a consistent pace without an unreasonable number and length of rest periods. After careful review, we affirm.

Our review of the Commissioner's decision is limited to an inquiry into whether there is substantial evidence to support the findings of the Commissioner, and whether the correct legal standards were applied. See 42 U.S.C. § 405(g); Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158 (11th Cir. 2004); McRoberts v. Bowen, 841 F.2d 1077, 1080 (11th Cir. 1988). Thus, "[e]ven if the evidence preponderates against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." Crawford, 363 F.3d at 1158-59 (citation omitted). Substantial evidence is "such relevant evidence as a

---

[1]The parties consented to the exercise of jurisdiction by a magistrate judge pursuant to 28 U.S.C. 636(c).

2

reasonable person would accept as adequate to support a conclusion." Id. at 1155; see also McRoberts, 841 F.2d at 1080 (holding that substantial evidence "must do more than create a suspicion of the existence of the fact to be established"). The Commissioner's factual findings are conclusive if supported by substantial evidence. Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990); Allen v. Brown, 816 F.2d 600, 602 (11th Cir. 1987).

The parties are familiar with the underlying facts, which were detailed at length by both the ALJ and the magistrate judge in their orders, and we do not recount them again here. On appeal, Wainwright argues that the ALJ failed to give adequate weight to the opinion of examining psychologist Dr. Beaty, who assessed her ability to complete a normal workday and workweek as an extreme limitation constituting a disability.

A claimant applying for benefits must prove that she is disabled. See 20 C.F.R. §§ 404.1512, 416.912; Jones v. Apfel, 190 F .3d 1224, 1228 (11th Cir. 1999). "Disability" is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Social Security Regulations outline a five-step sequential evaluation process ("SEP") for determining whether a claimant

3

is disabled. 20 C.F.R. §§ 404.15 20, 416.920; Jones, 190 F.3d at 1228.[2]  In the instant case, at step four of the SEP, the ALJ found that Wainwright was unable to perform her past relevant work due to an impairment.  On appeal, Wainwright's argument concerns the analysis at step five, which asks whether the impairment prevents the claimant from performing any other work.[3]  Wainwright argues that the ALJ erred by failing to conclude, based on Dr. Beaty's opinion concerning her residual functioning capacity, that she was unable to perform any work and therefore was entitled to disability benefits and SSI.  We disagree.

The ALJ may consider various factors when weighing medical opinions, including: (1) the examining relationship; (2) the nature and extent of the

---

[2]  The five steps for determining whether a claimant is disabled are as follows: (1) the disability examiner determines whether the claimant is engaged in "substantial gainful activity;" (2) if not, the examiner decides whether the claimant's condition or impairment is "severe," meaning that it significantly limits claimant's physical or mental ability to do basic work activities; (3) if so, the examiner decides whether the claimant's impairment meets or equals the severity of the specified impairments in the Listings of Impairments, thereby precluding any gainful work activity; (4) if the claimant has a severe impairment that does not meet or equal the severity of an impairment in the Listings, the examiner assesses a claimant's "residual functional capacity," which measures whether a claimant can perform past relevant work despite the impairment; (5) finally, if the claimant is unable to do past relevant work, the examiner determines whether in light of residual functioning capacity, age, education, and work experience, the claimant can perform other work. See Crayton v. Callahan, 120 F.3d 1217, 1219 (11th Cir. 1997); see also 20 C.F.R. §§ 416.920(a)(4), 404.1505(a).

[3]  At step four of the SEP, the examiner assesses the applicant's residual functional capacity, which "measures whether a claimant can perform past relevant work despite his or her impairment." Wilson v. Barnhart, 284 F.3d 1219, 1227 (11th Cir. 2002).  "If the claimant is unable to do past relevant work, the examiner proceeds to the fifth and final step of the evaluation process to determine whether in light of [the RFC], age, education, and work experience the claimant can perform other work." Id.

relationship; (3) whether the medical source presents relevant evidence to support an opinion; (4) whether an opinion is consistent with the record; and (5) whether or not the doctor is a specialist. See 20 C.F.R. § 404.1527(d)(1)-(6). Generally, the opinions of examining or treating physicians are given more weight than non-examining or non-treating physicians. See 20 C.F.R. § 404.1527(d)(1), (2); see also Sharfarz v. Bowen, 825 F.2d 278, 280 (11th Cir. 1987) ("The opinions of nonexamining, reviewing physicians, . . . when contrary to those of the examining physicians, are entitled to little weight, and standing alone do not constitute substantial evidence.").

Moreover, the ALJ may reject any medical opinion if the evidence supports a contrary finding. Syrock v. Heckler, 764 F.2d 834, 835 (11th Cir. 1985). In his evaluation of the medical evidence, the ALJ must state with particularity the weight given different medical opinions and the reasons therefor. Sharfarz, 825 F.2d at 279. In addition, the ALJ must "always consider the medical opinions in [the] case record together with the rest of the relevant evidence . . . receive[d]." 20 C.F.R. § 404.1527(b).

Here, substantial evidence supports the ALJ's conclusion, at step five of the SEP, that Wainwright was capable of performing light to sedentary work. The ALJ was entitled to reject Dr. Beaty's opinion because his opinion was contrary to

the opinions and assessments of the other state agency psychologists who found that Wainwright was only <u>moderately</u> limited in her ability to perform work-related activities.  Since he examined Wainwright only once, Dr. Beaty was not a treating physician and his opinion was not entitled to any special weight, particularly since it was contradicted by the other medical evidence.

The ALJ stated with particularity that he was assigning substantial weight to the opinions of the state agency psychologists and clearly articulated his reasons for doing so.  He also noted that Dr. Beaty's opinion was less persuasive because it was: (1) materially inconsistent with the record; (2) not well supported; (3) inconsistent with Wainwright's own characterization of her mental health; and (4) based on Dr. Beaty's psychological evaluation and testing performed on Wainwright four years earlier. These reasons are explicit, adequate, and supported by substantial evidence in the record.  Accordingly, we affirm.

**AFFIRMED.**