[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-15395
Non-Argument Calendar

_____

D.C. Docket No. 4:12-cv-03549-MHH

THOMAS ATHA, JR.,

Plaintiff-Appellant,

versus

COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(June 26, 2015)

Before HULL, MARTIN and JULIE CARNES, Circuit Judges.

PER CURIAM:

Thomas Windle Atha, Jr. appeals the district court's order affirming the Social Security Administration's denial of his application for supplemental security income ("SSI"), pursuant to 42 U.S.C. § 1383(c)(3).  The administrative law judge ("ALJ") found that Atha suffered from several severe impairments—status post fractures to his left knee and leg, mild degenerative disc disease, depression, alcohol dependence, a history of substance abuse, and low average to borderline intellectual functioning—that made him unable to perform his past relevant work installing vinyl siding, hanging sheet rock, and assembling trailers.  The ALJ, however, also found that Atha was not disabled because there were a significant number of other, sedentary jobs he could still perform despite his impairments.  On appeal, Atha argues that: (1) substantial evidence does not support the ALJ's finding that there were a significant number of jobs he could perform; and (2) the Appeals Council did not adequately review his new evidence when it denied his request for review.  After review, we affirm.[1]

## I.  THE FIVE-STEP EVALUATION

A claimant for SSI benefits must prove he is disabled.  20 C.F.R. § 416.912; Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005).  Under the five-step

_____

[1]Atha's application for benefits originally sought both supplemental security income and disability insurance benefits.  Before the district court, however, Atha amended his disability onset date to October 13, 2008, and he acknowledged that this change rendered him ineligible for disability benefits.**]**  The district court adopted the new onset date, and thus we review only the denial of Atha's application for supplemental security income.

sequential evaluation used to determine whether a claimant is disabled, the ALJ considers: (1) whether the claimant is engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment or combination of impairments; (3) if so, whether these impairments meet or equal an impairment listed in the Listing of Impairments; (4) if not, whether the claimant has the residual functional capacity ("RFC") to perform his past relevant work; and (5) if not, whether, in light of his age, education, and work experience, the claimant can perform other work that exists in "significant numbers in the national economy." See 20 C.F.R. §§ 416.920(a)(4), (c)-(g), 416.960(c)(2); see also Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1178 (11th Cir. 2011).

The claimant bears the burden to prove the first four steps. If the claimant does so, the burden shifts temporarily to the Commissioner to prove the fifth step. 20 C.F.R. § 416.920(a)(4)(v) & (g); see also Jones v. Apfel, 190 F.3d 1224, 1228 (11th Cir. 1999).

At the fifth step, the Commissioner can carry her burden through the testimony of a vocational expert ("VE"). Jones, 190 F.3d at 1229; see also 20 C.F.R. §§ 416.912(f), 416.966(e). If the Commissioner presents evidence that other work exists in significant numbers in the national economy, "to be considered disabled, the claimant must then prove that he is unable to perform the

jobs that the Commissioner lists."  Doughty v. Apfel, 245 F.3d 1274, 1278 n.2 (11th Cir. 2001).

## II.  SIGNIFICANT NUMBERS IN THE NATIONAL ECONOMY

Further, under the statutory provisions governing SSI benefits, a person is not disabled unless he cannot "engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work."  42 U.S.C. § 1382c(a)(3)(B). These provisions make clear that "'work which exists in the national economy' means work which exists in significant numbers either in the region where such individual lives or in several regions of the country."  Id. (emphasis added).

Likewise, the implementing regulations state that work exists in the national economy when the work "exists in significant numbers either in the region where [the claimant] live[s] or in several other regions of the country."  20 C.F.R. § 416.966(a).  The regulations clarify that "[i]t does not matter whether . . . [w]ork exists in the immediate area in which [the claimant] live[s]," whether a "specific job vacancy exists," or if the claimant "would be hired if [he] applied for work." Id.  Thus, a claimant is considered "not disabled" if he "remain[s] unemployed because of . . . [la]ck of work in [his] local area."  Id. § 416.966(c).  On the other hand, "[i]solated jobs that exist only in very limited numbers in relatively few

4

locations outside of the region where [the claimant] live[s] are not considered work which exists in the national economy." Id. § 416.966(b).

This Court has never held that a minimum numerical count of jobs must be identified in order to constitute work that "exists in significant numbers" under the statute and regulations. We have concluded, however, that the "appropriate focus under the regulation is the national economy," not the local economy in which the claimant lives. Allen v. Bowen, 816 F.2d 600, 603 (11th Cir. 1987).

In Allen v. Bowen, this Court upheld the ALJ's finding that work existed in significant numbers were the VE testified that there were 174 small appliance repairman positions in the area of Georgia where the claimant lived. The VE also testified that there were 1,600 general appliance repair jobs in the entire state, and 80,000 such jobs nationally, of which "[a] considerable number . . . [were] in the small appliance field." Id. at 602. This Court stressed in Allen that, because an ALJ's finding as to the existence of a sufficient quantity of jobs is a finding of fact reviewed under the substantial evidence standard, we could not reweigh the evidence or "substitute our judgment for that of the Secretary." Id. In light of the VE's testimony, this Court concluded in Allen that the Secretary had "clearly achieved" his burden by substantial evidence. Id. The claimant's additional evidence submitted to the Appeals Council was immaterial because it tended only

5

to disprove the existence of jobs in the claimant's local economy, when the proper focus was on "the existence of such jobs on a national scale." Id. at 603.

### III.  ATHA'S APPEAL OF ALJ'S FIFTH-STEP FINDING

On appeal, Atha does not challenge the ALJ's findings as to the first four steps.  Atha argues only that the ALJ erred in relying on the VE's testimony to find, at the fifth step, that a significant number of jobs existed in the national economy that Atha could perform despite his RFC, age, education, and work experience.[2]  In particular, Atha does not dispute the VE's job numbers or contend that these are jobs he could not perform.  He argues only that the number of jobs to which the VE testified does not constitute a "significant number" and thus he is disabled.[3]

Here, the ALJ's fact finding that work existed in significant numbers in the national economy was based on the VE's testimony that there were 440 jobs in Alabama and 23,800 jobs nationally that Atha could perform.  In particular, the VE testified that a person with Atha's RFC, age, education, and work experience could

---

[2]We review the Commissioner's findings of fact to determine whether they are supported by substantial evidence and the Commissioner's legal conclusions de novo.  Ingram v. Comm'r of Soc. Sec. Admin., 496 F.3d 1253, 1260 (11th Cir. 2007).  "Substantial evidence is less than a preponderance, but rather such relevant evidence as a reasonable person would accept as adequate to support a conclusion."  Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005).

[3]To the extent Atha's brief stated in passing that part-time jobs should not be counted at step five, he failed to preserve this issue for appeal because he did not meaningfully develop this argument in his appeal briefs.  See Cole v. U.S. Att'y Gen., 712 F.3d 517, 530 (11th Cir. 2013) (explaining that a party fails to adequately brief an issue when he does not "plainly and prominently" raise it, "for instance by devot[ing] a discrete section of his argument to those claims" (internal quotation marks omitted) (alteration in original)).

perform work as a surveillance system monitor, of which there were approximately 100 such jobs in Alabama and 7,600 nationally; as an inspector/sorter, of which there were approximately 240 such jobs in Alabama or 13,000 nationally; or as a machine tender, of which there were approximately 100 jobs in Alabama and 3,200 nationally.

Given that the proper focus is on the national economy, the ALJ's finding that there were a significant number of jobs Atha could perform, and thus Atha was not disabled, is supported by substantial evidence.

## IV.  APPEALS COUNCIL'S CONSIDERATION OF NEW EVIDENCE

Atha argues the Appeals Council "failed to adequately consider" additional medical records he submitted along with his request for review.  In denying Atha's request for review, the Appeals Council stated that it had considered both Atha's reasons for disagreeing with the ALJ's decision and the additional evidence Atha included with his request, and that it "found that this information does not provide a basis for changing the Administrative Law Judge's decision."  Citing Epps v. Harris, 624 F.2d 1267 (5th Cir. 1980),[4] Atha maintains that the Appeals Council was required to "show in its written denial [of the request for review] that it has adequately evaluated the new evidence."

---

[4]In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), this Court adopted as binding precedent all Fifth Circuit decisions prior to October 1, 1981.

In Mitchell v. Commissioner, Social Security Administration, this Court recently concluded that the Appeals Council is not required to provide a detailed explanation of a claimant's new evidence when it denies a petition for review. Mitchell, 771 F.3d 780, 783-85 (11th Cir. 2014). As in Atha's case, the Appeals Council in Mitchell denied review, stating simply that it had considered the additional evidence but "the information did not provide a basis for changing the ALJ's decision." See id. at 782. This Court determined that the Appeals Council's explanation was sufficient, emphasizing that the record did not provide a "basis for doubting the Appeals Council's statement that it considered Mitchell's additional evidence." Id. at 783-84. Moreover, we have clarified that Mitchell's holding is not limited "to situations where the new evidence was 'cumulative' or 'not chronologically relevant.'" Parks ex rel. D.P. v. Comm'r, Soc. Sec. Admin., 783 F.3d 847, 853 (11th Cir. 2015).

Thus, under Mitchell, the Appeals Council was not required to discuss any further Atha's new evidence or provide a more detailed explanation of its reasons for denying review. Atha's reliance on Epps is misplaced. As we explained in Mitchell, Epps involved an Appeals Council's affirming the ALJ's decision, and thus Epps does not apply when, as here, the Appeals Council denies a petition for review. Mitchell, 771 F.3d at 783; see also Parks, 783 F.3d at 853.

We also reject Atha's argument that in light of the additional medical records he submitted, the Appeals Council should have granted his petition for review.  The Appeals Council must grant a petition for review only if it finds that the ALJ's "action, findings, or conclusion is contrary to the weight of the evidence," including the new and material evidence.  Ingram v. Comm'r of Soc. Sec. Admin., 496 F.3d 1253, 1261 (11th Cir. 2007); 20 C.F.R. § 416.1470(b).  Evidence is material if "there is a reasonable possibility that the new evidence would change the administrative outcome."  Hyde v. Bowen, 823 F.2d 456, 459 (11th Cir. 1987).  On appeal, when the Appeals Council denies review based on new evidence, our review considers whether the claimant's new evidence "renders the denial of benefits erroneous."  Ingram, 496 F.3d 1262.

Here, even considering the additional medical records Atha submitted, substantial evidence supports the ALJ's denial of Atha's SSI application.  For example, Atha's new mental health records indicated that Atha's GAF score increased from 48 to 50 to as high as 60 as he continued his abstinence from drugs and mostly stayed sober.  This evidence supports, rather than undermines, the ALJ's finding that Atha's past substance abuse was a material contributing factor to his disability, and that, in the absence of substance abuse, Atha had the RFC to perform some kinds of sedentary work.  Although the new records noted Atha's depression, none indicated that he was severely impaired as a result of his

9

depression.  Nor do any of the new records regarding Atha's physical impairments indicate that he is more limited than reflected in the ALJ's RFC assessment, and, in fact, the records show that he continued to work in vinyl siding as late as December 2009.  In short, we cannot say that Atha's new evidence rendered the Commissioner's denial of SSI benefits erroneous.

**AFFIRMED.**