[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-10648
Non-Argument Calendar

_____

D.C. Docket No. 8:17-cv-00461-JSS


COLLEEN TEAGUE,

Plaintiff-Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.


_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(August 27, 2018)

Before WILLIAM PRYOR, BRANCH and FAY, Circuit Judges.

PER CURIAM:

Colleen Teague appeals the judgment affirming the Commissioner's denial

of her application for disability insurance benefits, 42 U.S.C. § 405(g). Teague

argues that the administrative law judge erred by relying on the vocational expert's testimony that she can perform a substantial number of jobs in the national economy. Because Teague presented no evidence to the contrary and no objection to the vocational expert's testimony, we affirm.

We review *de novo* whether substantial evidence supports the administrative law judge's decision. *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002). We do not decide the facts anew, reweigh the evidence, or substitute our own judgment for that of the administrative law judge. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011). So long as the administrative law judge's decision is supported by substantial evidence, we must defer to it even if the evidence may preponderate against it. *See Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158–59 (11th Cir. 2004).

A claimant is disabled if she is unable to engage in substantial gainful activity by reason of a medically determinable impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. § 423(d)(1)(A). The claimant bears the burden of proving her disability. *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003). To determine whether a claimant is disabled, the administrative law judge uses a five-step evaluation. 20 C.F.R. § 404.1520(a). That is, the administrative law judge determines whether the claimant (1) is unable to engage in substantial gainful

2

activity; (2) has a severe medically determinable physical or mental impairment; (3) has such an impairment that meets or equals a Listing of Impairments and meets the duration requirements; (4) can perform her past relevant work, in light of her residual functional capacity; and (5) can make an adjustment to other work, in the light of her residual function capacity, education, and work experience. *Id.* § 404.1520(a)(4). At the fifth step, the Commissioner bears the burden of proving that a significant number of jobs that the claimant can perform exist in the national economy. *Winschel*, 631 F.3d at 1180; 20 C.F.R. § 404.1520(a)(4)(v). If a significant number of jobs exist, then the claimant is not disabled. *See* 20 C.F.R. § 404.1520(a)(4)(v).

The administrative law judge must identify specific jobs that the claimant can perform, and that finding must be supported by substantial evidence. *Wilson*, 284 F.3d at 1227. An administrative law judge may make this finding by posing hypothetical questions to a vocational expert. *See Winschel*, 631 F.3d at 1180. A vocational expert is "an expert on the kinds of jobs an individual can perform based on his or her capacity and impairments." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 (11th Cir. 2004). For the testimony of a vocational expert to constitute substantial evidence, the administrative law judge "must pose a hypothetical question which comprises all of the claimant's impairments." *Jones v. Apfel*, 190 F.3d 1224, 1229 (11th Cir. 1999). After the administrative law judge identifies

3

specific jobs that the claimant can perform, "the claimant must prove that she is unable to perform those jobs in order to be found disabled." *Id.* at 1228.

Work exists in the national economy when it exists in significant numbers either in the region where the claimant lives or in several other regions of the country. 20 C.F.R. § 404.1566(a). The administrative law judge, based on the vocational expert's testimony, determines whether the number of jobs is significant. *See Jones,* 190 F.3d at 1230. We have upheld a finding that 174 small appliance repairman positions in the area in which the claimant resided, 1,600 general appliance repair jobs in Georgia, and 80,000 jobs nationwide established the existence of work in significant numbers. *Allen v. Bowen*, 816 F.2d 600, 602 (11th Cir. 1987).

Substantial evidence supports the administrative law judge's finding that Teague could perform a substantial number of jobs in the national economy. At her hearing before the administrative law judge, Teague challenged neither the hypothetical question posed to the vocational expert nor the expert's testimony that she could perform the jobs of parking lot cashier, hand packager, and bagger. The vocational expert identified nearly 2.5 million jobs that Teague could perform in the national economy. Teague offered no evidence to the contrary, and she raised no objection to the vocational expert's qualifications. The vocational expert's unrebutted testimony—based on her experience, practice, having completed onsite

job analyses for the specific jobs for which she found Teague qualified, and the Dictionary of Occupational Titles—constituted substantial evidence that a significant number of jobs in the national economy existed that Teague could perform. *See Winschel*, 631 F.3d at 1180; 20 C.F.R. § 404.1520(a)(4)(v). Because substantial evidence supports the administrative law judge's finding that Teague was not disabled, we affirm. *See Jones*, 190 F.3d at 1228.

**AFFIRMED.**