[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-13246
Non-Argument Calendar
_____

D.C. Docket No. 8:17-cv-01063-JSS


NIKIA WEBSTER,

Plaintiff-Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(May 16, 2019)

Before WILSON, BRANCH, and ANDERSON, Circuit Judges.

PER CURIAM:

Nikia Webster, through counsel, appeals the district court's order affirming the Commissioner of the Social Security Administration's ("SSA") decision to deny his application for Social Security Income ("SSI") benefits.  On appeal, he argues that the Administrative Law Judge ("ALJ") erred by relying on the Vocational Expert's ("VE") testimony, which he asserts was not supported by substantial evidence because he argues that it was inconsistent with figures provided by the Bureau of Labor Statistics.

When, as here, an ALJ denies benefits and the Appeals Council denies review, we review the ALJ's decision as the Commissioner's final decision. *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001).  We review *de novo* the legal principles upon which an ALJ based its decision, but review the resulting decision "only to determine whether it is supported by substantial evidence." *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005).

Substantial evidence is "less than a preponderance, but rather such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.*  In conducting this limited and deferential review, we do not decide the facts anew, make credibility determinations, or re-weigh the evidence. *Id*.  Rather, so long as it is supported by substantial evidence, we defer to the ALJ's decision even if the evidence may preponderate against it.  *See Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158-59 (11th Cir. 2004).

2

The Social Security regulations provide a five-step evaluation process for determining whether a claimant has proved that he is disabled. *See* 20 C.F.R. § 404.1520(a). In relevant part, at the fifth step, the Commissioner must consider the claimant's residual functional capacity ("RFC") and his age, education, and work experience to see if she can make an adjustment to other work. *Id.* § 404.1520(a)(4)(v). At the fifth step, the Commissioner bears the burden of showing that, in light of the claimant's RFC and other factors, a significant number of jobs that the claimant can perform exist in the national economy. *Winschel v. Comm'r of Soc. Sec.,* 631 F.3d 1176, 1180 (11th Cir. 2011); *see* 20 C.F.R. § 404.1520(a)(4)(v). If such jobs exist, then the claimant is not disabled. *See* 20 C.F.R. § 404.1520(a)(4)(v).

The ALJ must articulate specific jobs that the claimant is able to perform, and this finding must be supported by substantial evidence, not mere intuition or conjecture. *Wilson*, 284 F.3d 1219, 1227 (11th Cir. 2002). When the claimant cannot perform a full range of work or has non-exertional impairments that significantly limit basic work skills, the primary method for determining whether the claimant can perform other jobs is through the testimony of a VE. *Jones v. Apfel*, 190 F.3d 1224, 1229 (11th Cir. 1999).

In order for the vocational expert's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question that comprises all of the

3

claimant's impairments. *Winschel*, 631 F.3d at 1180. A VE is "an expert on the kinds of jobs an individual can perform based on his or her capacity and impairments." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 (11th Cir. 2004). An ALJ may rely solely on the testimony of a VE in making this determination. *Id.* at 1230. If the Commissioner can demonstrate that there are jobs the claimant can perform, the claimant must prove she is unable to perform those jobs in order to be found disabled. *Id.* at 1228.

Work exists in the national economy when it exists in significant numbers either in the region where the claimant lives or in several other regions of the country. 20 C.F.R. § 404.1566(a). The ALJ, relying on the VE's testimony, determines whether a specific number of jobs constitutes a significant number. 20 C.F.R. § 404.15 12(g); *see Jones,* 190 F.3d at 1230. We have upheld an ALJ's finding that 174 small appliance repairman positions in the area in which the claimant resided, 1,600 general appliance repair jobs in Georgia, and 80,000 jobs nationwide established the existence of work in significant numbers. *Allen v. Bowen*, 816 F.2d 600, 602 (11th Cir. 1987).

The VE's testimony—based on his own experience of having completed supervisor surveys for the specific jobs for which he found Webster qualified, his knowledge of the industry, and the Dictionary of Occupational Titles ("DOT")— constituted "substantial evidence" that there were a significant number of jobs that

existed in the national economy that Webster could perform. *See Winschel*, 631 F.3d at 1180; 20 C.F.R. § 404.1520(a)(4)(v). Webster's argument that the Standard Occupational Classification ("SOC") code job numbers reported by the Bureau of Labor Statistics demonstrate that the VE's testimony was unreliable is unavailing. First, during the hearing, Webster did not question the VE's qualifications and the questions that he posed to the VE did not address his present concerns about the reliability of the VE's testimony. Moreover, the VE's testimony indicated that he relied on his own experience of surveying employers as well as the DOT. The VE properly considered the hypothetical scenario that the ALJ presented concerning an individual with the same impairments as Webster.

Further, to the extent that Webster argues that the ALJ was required to independently verify a VE's testimony, we have held that the ALJ is only required to do so when there is a conflict between the VE's testimony and the DOT. *Washington v. Comm'r Soc. Sec.*, 906 F.3d 1353, 1365 (11th Cir. 2018). Here, the conflict is between the number of available jobs the VE reported and the number of available jobs shown in the figures provided by the Bureau of Labor Statistics through its publication of the Occupational Employment Statistics ("OES"). Unlike the situation in which the VE's testimony conflicts with the DOT, this Court has not placed an affirmative duty on the ALJ to independently investigate a conflict between the VE's testimony and job availability figures provided by the

5

Bureau of Labor Statistics in the OES.  Furthermore, the figures in the OES are not part of the SSA's regulatory scheme.  20 C.F.R. § 404.1566(d)(1), (5). Accordingly, because substantial evidence supports the ALJ's finding that Webster was not disabled, we affirm.  *See Jones*, 190 F.3d at 1228.

**AFFIRMED.**